[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 18, 2001
THOMAS K. KAHN
CLERK

_____

No. 00-11829

_____

D. C. Docket No. 99-00128-CV-CC-1

MIRIAM W. WILLIAMS,

Plaintiff-Appellant,

versus

BEST BUY COMPANY, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(October 18, 2001)**

Before BIRCH, COX and ALARCON[*], Circuit Judges.

COX, Circuit Judge:

_____

[*]      Honorable Arthur L. Alarcon, U.S. Circuit Judge for the Ninth Circuit, sitting by
designation.

Miriam W. Williams sued Best Buy Company, Inc. ("Best Buy") in state court for personal injuries sustained as a result of a slip and fall. After the case was removed to federal court, the district court granted summary judgment in favor of Best Buy, and Williams appeals. We do not reach the merits of Williams' arguments on appeal, however, because it is not clear that the district court had subject matter jurisdiction. We remand the case to the district court for factual findings on whether the jurisdictional amount in controversy is satisfied.

## I. Background

Williams filed a complaint in the State Court of Fulton County, Georgia, alleging that she tripped over a curb while entering one of Best Buy's retail stores and sustained injuries as a result of Best Buy's negligence. In addition to permanent physical and mental injuries, the complaint alleges that Williams incurred substantial medical expenses, suffered lost wages, and experienced a diminished earning capacity. The complaint then alleges that Williams will continue to experience each of these losses for an indefinite time into the future. For these injuries, the complaint seeks general damages, special damages, and punitive damages in unspecified amounts.

Best Buy filed a notice of removal pursuant to 28 U.S.C. § 1441, alleging diversity jurisdiction under 28 U.S.C. § 1332. The notice of removal states: "Counsel for Plaintiff and Plaintiff have refused to stipulate that Plaintiff's claims do not exceed

2

and will not exceed the sum of $75,000.00. This suit is for a sum in excess of $75,000.00." (R.-1 at 2.) The notice of removal contains no other factual allegations regarding the amount in controversy, and Best Buy did not submit any evidence concerning the amount in controversy. Williams did not file a motion to remand the case to state court or challenge in any other way the district court's subject matter jurisdiction. In fact, the joint preliminary planning report proposed by the parties indicated that there was no question regarding the district court's jurisdiction to hear the case. Following removal, Best Buy moved the district court for summary judgment, and the district court granted Best Buy's motion. Williams appeals.

On appeal, we raised sua sponte the issue of whether the case involved a sufficient amount in controversy to sustain diversity jurisdiction under § 1332. At our request, the parties submitted supplemental briefs on this issue. In her brief, Williams argues that Best Buy failed to demonstrate the requisite amount in controversy because Best Buy has not submitted any evidence or made any factual showing on that issue, relying instead on negative inferences and conclusory allegations. Williams therefore urges us to remand the case to the district court with instructions to remand the case to the State Court of Fulton County. Best Buy, on the other hand, maintains that its burden is satisfied by Williams' refusal to stipulate that she seeks less than the jurisdictional amount.

3

## II. Standard of Review

Subject matter jurisdiction is a question of law subject to de novo review. *See Darden v. Ford Consumer Fin. Co.*, 200 F.3d 753, 755 (11th Cir. 2000).

## III. Discussion

Appellate courts have a responsibility to examine the subject matter jurisdiction of the district courts in actions that they review. *Kirkland v. Midland Mortgage Co.*, 243 F.3d 1277, 1280 (11th Cir. 2001); *see also Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000). In this case, the district court's jurisdiction was premised on diversity of citizenship pursuant to 28 U.S.C. § 1332. Diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds the statutorily prescribed amount, in this case $75,000. *See* 28 U.S.C. § 1332(a). There is no dispute in this case that the parties are of diverse citizenship. Therefore, the only jurisdictional issue concerns whether the amount in controversy requirement has been satisfied.

Because this case was originally filed in state court and removed to federal court by Best Buy, Best Buy bears the burden of proving that federal jurisdiction exists. *See Kirkland*, 243 F.3d at 1281 n.5. Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement.

*Id.*; *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *overruled on other grounds by Office Depot v. Cohen*, 204 F.3d 1069 (11th Cir. 2000).

Although this court has not explicitly articulated the proper procedure for determining the amount in controversy on removal, we have suggested the approach that district courts should take in making such a determination. *See Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000). In *Sierminski*, we held that a district court may properly consider post-removal evidence in determining whether the jurisdictional amount was satisfied at the time of removal. In reaching this conclusion, we quoted language from the Ninth Circuit's opinion in *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373 (9th Cir. 1997):

> The Fifth Circuit has described an appropriate procedure for determining the amount in controversy on removal. The district court may consider whether it is "facially apparent" from the complaint that the jurisdictional amount is in controversy. If not, the court may consider facts in the removal petition, and may "require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal." The Fifth circuit [sic] agrees with our conclusion in *Gaus* that removal "cannot be based simply upon conclusory allegations" where the ad damnum is silent.

*Sierminski*, 216 F.3d at 949 (quoting *Singer*, 116 F.3d at 377 (in turn quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335-36 (5th Cir. 1995))). While we did not explicitly adopt the approach described in *Singer* and *Allen*, we clearly relied upon

5

that approach in concluding that the district court may consider evidence submitted after the notice of removal is filed.

We now make explicit what we suggested in *Sierminski* and adopt the approach of the Fifth and Ninth Circuits. When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed. *See also McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S. Ct. 780, 785 (1936) (stating that party invoking federal jurisdiction must allege facts essential to show jurisdiction and court may demand evidence supporting such facts). We reiterate that the burden of proving jurisdiction lies with the removing defendant. A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden. *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995); *Allen*, 63 F.3d at 1335; *Gaus v. Miles*, 980 F.2d 564, 567 (9th Cir. 1992); *see also Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994) (concluding that removing defendant did not meet burden of proving amount in controversy where it offered

6

"nothing more than conclusory allegations"); *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 255 (5th Cir. 1961) (stating that removing defendant must make "affirmative showing . . . of all the requisite factors of diversity jurisdiction").[1]

In this case, it is not facially apparent from Williams' complaint that the amount in controversy exceeds $75,000. We therefore look to Best Buy's notice of removal. Although the notice of removal clearly asserts that the jurisdictional requirement is satisfied, the only fact alleged in support of that assertion is that Williams refuses to stipulate that her claims do not exceed $75,000. There are several reasons why a plaintiff would not so stipulate, and a refusal to stipulate standing alone does not satisfy Best Buy's burden of proof on the jurisdictional issue. Thus, the pleadings are inconclusive as to the amount in controversy.

Where the pleadings are inadequate, we may review the record to find evidence that diversity jurisdiction exists. *See Sun Printing & Publ'g Ass'n v. Edwards*, 194 U.S. 377, 382, 24 S. Ct. 696, 697 (1904); *Rice v. Office of Servicemembers' Group Life Ins.*, 260 F.3d 1240, 1245 (10th Cir. 2001); *United Food & Commercial Workers Union, Local 919 v. Centermark Props. Meriden Square, Inc.*, 30 F.3d 298, 305 (2d Cir. 1994). Having done so in this case, we find the record to be inconclusive as well.

---

[1]    In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this court adopted as binding precedent all decisions of the Former Fifth Circuit handed down prior to October 1, 1981.

7

The district court made no factual findings on the amount in controversy, and neither Best Buy nor Williams submitted any evidence relevant to the issue. We cannot say, on this record, that the amount in controversy more likely than not exceeds $75,000.

It is not clear, however, that the jurisdictional requirement is not satisfied. Although the present record is inconclusive, the value of Williams' claims could conceivably amount to more than $75,000. As noted, her complaint demands general, special, and punitive damages for permanent physical and mental injuries, as well as substantial medical expenses, lost wages, and diminished earning capacity for an indefinite period of time. Based on these allegations, the amount in controversy might well exceed the jurisdictional amount.

Although Best Buy has the burden of proving federal jurisdiction, the lack of a developed record cannot be attributed solely to Best Buy. Williams shares responsibility for the lack of a developed record because of her failure to challenge the district court's jurisdiction. Facing a similar situation, the Second Circuit held that the proper course of action under such circumstances is to remand the case to the district court for factual findings on the amount in controversy. *See United Food*, 30 F.3d at 306. The *United Food* court reasoned that, had the plaintiff challenged the amount in controversy by filing a motion to remand in the district court, "the parties, under the direction of the district court, would have had an opportunity to supplement the record

to allow for an informed decision on the issue." *Id*. Therefore, the Second Circuit found it "only fair . . . that the issue be remanded to the district court to allow the parties to submit evidence on the amount in controversy and to give defendants an opportunity to meet their burden as to this requirement of diversity jurisdiction . . . ." *Id.*; *accord Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 298-99 (2d Cir. 2000).

We find this reasoning persuasive and not inconsistent with our own precedent. *See Morrison*, 228 F.3d at 1275 (remanding diversity case to district court so that plaintiffs could prove amount in controversy); *United States v. H.R. Morgan, Inc.*, 528 F.2d 986, 987 (5th Cir. 1976) (per curiam) (remanding to district court for factual development and determination of jurisdictional issue); *Airline Maint. Lodge 702 v. Loudermilk*, 426 F.2d 802 (5th Cir. 1970) (per curiam) (remanding to district court for findings regarding jurisdiction and propriety of removal). Because Best Buy's notice of removal clearly asserted that the jurisdictional amount was satisfied, Best Buy should be afforded an opportunity to submit evidence in support of its assertion. We therefore hold that, where the notice of removal asserts the jurisdictional amount and the plaintiff does not challenge that assertion in the district court, we will remand the case to the district court for factual findings on the amount in controversy if the amount in controversy cannot be clearly determined by a review of the record.

IV. Conclusion

Accordingly, this case is remanded to the district court for the limited purposes of developing the record and making findings of fact with regard to the amount in controversy at the time of removal. If Best Buy carries its burden with respect to the amount in controversy, we retain jurisdiction to consider whether the district court properly granted summary judgment in this case. Conversely, if Best Buy does not prove by a preponderance of the evidence that the amount in controversy exceeds $75,000, there is no federal jurisdiction and the district court should remand the case to the state court from whence it came. *See* 28 U.S.C. § 1447(c).[2]

LIMITED REMAND.

---

[2] The district court is requested to advise the Clerk of this Court should it remand the case, in which event we will dismiss this appeal.