[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 19, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-10668
Non-Argument Calendar
_____

D. C. Docket No. 04-00417-CV-FTM-29-DNF

MICHAEL S. GOGOLA,

Plaintiff-Appellant,

versus

JAMES ZINGALE,

Defendant-Appellee,

FLORIDA DEPARTMENT OF REVENUE, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 19, 2005)

Before ANDERSON, BIRCH and CARNES, Circuit Judges.

PER CURIAM:

Michael S. Gogola, proceeding pro se, appeals the district court's dismissal of his civil rights action for lack of jurisdiction. Because Gogola's claims regarding Florida's alimony laws were "inextricably intertwined" with the state court's final judgment of dissolution of his marriage, and he had a reasonable opportunity to raise his claims in state court, his instant action was barred by the Rooker-Feldman[1] doctrine. Accordingly, the district court lacked jurisdiction to review Gogola's claims. We **AFFIRM**.

## I. BACKGROUND

In an amended verified complaint, Gogola filed an action against James Zingale, the Chairman and Executive Director of the Florida Department of Revenue, and the Florida Department of Revenue (collectively "the defendants"), and maintained that Florida's "Dissolution of Marriage" alimony provisions ("the alimony provisions"), including Fla. Stat. § 61.08, were unconstitutional under the United States Constitution because they violated (1) his rights to privacy and equal protection under the Fourteenth Amendment, and (2) the Thirteenth Amendment's

---

[1] The Rooker-Feldman doctrine is based on the following two cases: District of Columbia v. Court of Appeals v. Feldman, 460 U.S. 462, 103 S. Ct. 1303 (1983), and Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S. Ct. 149 (1923).

2

prohibition against involuntary servitude.[2]  He also asserted that the alimony provisions (1) were unconstitutional under the Florida Constitution because they violated his right to privacy, right to equal protection, and inalienable basic rights, and (2) violated Florida Supreme Court precedent and public policy.

In support of his complaint, Gogola indicated the following:  (1) in 1969, he married Sandra S. Gogola ("Sandra");  (2) in 1999, the 20th Judicial Circuit in Lee County, Florida, entered a final judgment of dissolution of marriage, in which the court ordered him to pay alimony to Sandra until he or Sandra dies, or Sandra remarries;  (3) he has tried to comply with the court's alimony order, but occasionally has failed to make payments, and several contempt orders have been entered against him;  (4) although he has not previously raised his federal claims in any court, he has raised some of his state claims in state court, but the court denied him relief;  and (5) the Second District Court of Appeals dismissed his appeal without analysis or opinion.  Gogola requested a declaratory judgment that the alimony provisions violated the United States Constitution, the Florida Constitution, Florida Supreme Court precedent, and Florida public policy.

---

[2] The complaint also included (1) the U.S. District Court, Middle District of Florida, and (2) Patricia C. Fawcett, U.S. District Court Chief Judge, as defendants.  Gogola later voluntarily dismissed these parties.

Gogola attached, inter alia, documents relating to the 20th Judicial Circuit's final judgment of dissolution of marriage. These documents indicate that, after the 20th Judicial Circuit ordered Gogola to pay alimony to Sandra, Gogola filed a motion, requesting, inter alia, a declaratory judgment that the alimony provisions (1) were unconstitutional under the Florida Constitution, and (2) violated the Due Process Clause of the United States Constitution. The 20th Judicial Court entered an order denying Gogola relief, and the Second District Court of Appeal dismissed Gogola's appeal on the ground that the order was nonappealable.

The defendants filed a motion to dismiss the amended verified complaint. The defendants argued, inter alia, that the Rooker-Feldman doctrine barred the district court from reviewing Gogola's claims because (1) Gogola was a party to the state court dissolution proceedings, (2) the final judgment of dissolution of marriage was a final judgment on the merits, (3) Gogola had a reasonable opportunity to raise his federal claims during the dissolution proceedings and did raise some of his claims therein, and (4) Gogola's federal claims were inextricably intertwined with the state court's judgment. Gogola responded that the defendants' motion to dismiss should be denied and argued, inter alia, that (1) because he was raising a general constitutional challenge to the alimony provisions, the Rooker-Feldman doctrine was inapplicable, (2) since he was not asking the court to issue a

4

divorce, alimony, or custody decree, the court should not abstain from reviewing his claims, and (3) the court had supplemental jurisdiction over his state claims.

The district court granted the defendant's motion to dismiss. The district court found that the Rooker-Feldman doctrine barred it from reviewing Gogola's claims that the alimony provisions were unconstitutional or a violation of federal law because (1) these claims were inextricably intertwined with the state court's dissolution judgment, since Gogola was, in essence, seeking to reverse the portion of the order that required him to pay alimony, and (2) Gogola had a reasonable opportunity to raise his claims during the dissolution proceedings. Citing Doe v. Pryor, 344 F.3d 1282 (11th Cir. 2003), the court also found that Gogola lacked standing to raise a general challenge to the constitutionality of the alimony provisions. Gogola filed a motion to reconsider and argued that the court failed liberally to construe his pleadings and that the court's reliance on Doe was misplaced since his case was distinguishable from Doe. The district court found that Gogola failed to demonstrate good cause to justify the remedy of reconsideration and denied Gogola's motion.[3]

---

[3] On appeal, Gogola has failed to raise any arguments relating to how the district court erred by denying his motion for reconsideration. Issues not argued on appeal are deemed waived, and a passing reference in an appellate brief is insufficient to raise an issue. Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989). Accordingly, Gogola has waived his appeal of the district court's denial of his motion for reconsideration. See id.

## II. **DISCUSSION**

On appeal, Gogola argues that the district court erred by finding that it lacked jurisdiction under the Rooker-Feldman doctrine. Specifically, Gogola asserts that: (1) his action was a constitutional civil rights action not based on family law; (2) he was not seeking to overturn a state court judgment; (3) he did not have a reasonable opportunity to raise his federal claims in state court; and (4) judicial economy mitigates against abstention.

We review de novo a dismissal for lack of subject matter jurisdiction. Williams v. Best Buy Co., 269 F.3d 1316, 1318 (11th Cir. 2001). "The Rooker-Feldman doctrine places limits on the subject-matter jurisdiction of federal district courts and courts of appeal over certain matters related to previous state court litigation." Goodman v. Sipos, 259 F.3d 1327, 1332 (11th Cir. 2001). Under this doctrine, "federal courts, other than the . . . Supreme Court, have no authority to review the final judgments of state courts," which "extends not only to constitutional claims presented or adjudicated by a state court, but also to claims that are 'inextricably intertwined' with a state court judgment." Id. (citation and quotations omitted). "A federal claim is inextricably intertwined with a state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." Id. (citation and quotations omitted).

Nevertheless, "even if a claim is 'inextricably intertwined' with the state court's judgment, the doctrine does not apply if the plaintiff had no 'reasonable opportunity to raise his federal claim in state proceedings.'" Id. (citation and quotations omitted).

The district court did not err by granting the defendant's motion to dismiss because Gogola's suit was barred by the Rooker-Feldman doctrine. Although Gogola asserts that the Rooker-Feldman doctrine did not bar his federal action because he was not trying to overturn the state court's final judgment of dissolution of marriage, the Rooker-Feldman doctrine also prevents a party from raising claims that are "inextricably intertwined" with a state court judgment. See Goodman, 259 F.3d at 1332. Gogola's claims were "inextricably intertwined" with the state court's judgment because Gogola, by challenging the constitutionality of the alimony statute, in essence, was attempting to reverse the state court's order regarding the payment of alimony. Additionally, Gogola had a reasonable opportunity to raise his federal claims in state court and, in fact, did file a motion requesting a declaratory judgment that the alimony provisions violated the Due Process Clause of the United States Constitution, which the state court denied. See id.

### III.  **CONCLUSION**

The district court correctly found that this action is barred by application of the Rooker-Feldman doctrine.  Accordingly, we **AFFIRM**.