[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**

**U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 21, 2005
THOMAS  K. KAHN
CLERK**

No. 04-14430
Non-Argument Calendar

_____

D.C. Docket  No. 03-00089-CV-BBM-1

JOHN ALLEN,
RHONDA ALLEN,

Plaintiffs-Appellants,

versus

TOYOTA MOTOR SALES, U.S.A., INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(November 21, 2005)**

Before EDMONDSON, Chief Judge, BIRCH and BARKETT, Circuit Judges.

PER CURIAM:

Plaintiffs-Appellants John and Rhonda Allen brought suit in the State Court of Gwinnett County, Georgia, against Defendant-Appellee Toyota Motor Sales, U.S.A., Inc. ("Toyota"), claiming damages for breach of written warranty, breach of implied warranty, and revocation of acceptance, each under the Uniform Commercial Code, the Magnuson-Moss Warranty Act, and Georgia statutory law. Toyota removed the case to the United States District Court for the Northern District of Georgia on the basis of diversity jurisdiction. After trial, a jury returned a verdict for Toyota. In this appeal, Plaintiffs, for the first time, challenge the trial court's jurisdiction. No reversible error has been shown; we affirm.

Plaintiffs's complaint alleged that they purchased a 2002 Lexus for $66,678.65, exclusive of collateral charges, such as bank and finance charges. Plaintiffs asserted that the vehicle suffered various defects that violated the vehicle's written warranty and the implied warranty of merchantability. Plaintiffs claimed to have afforded the Lexus dealer a reasonable number of attempts to cure the defects, but no cure was effected. The complaint sought an unspecified amount of damages under the Magnuson-Moss Warranty Act, the Uniform Commercial Code and Georgia law, for (without limitation) loss of use, diminished value, lost wages, aggravation, and other incidental and consequential

2

damages, together with reasonable attorneys' fees and costs. Plaintiffs also claimed they were entitled to either a refund of their purchase price or a free replacement under Magnuson-Moss Warranty Act, 15 U.S.C. § 2304(a)(4), and to a revocation of acceptance pursuant to the Uniform Commercial Code and Georgia statutory law, again together with reasonable attorneys' fees and costs.

In its notice of removal, Toyota noted the parties complete diversity and that the amount in controversy exceeded $75,000. Toyota supported the amount in controversy by reference to the Plaintiffs's demand for damages in excess of the $66,678.65 purchase price. Plaintiffs presented no challenge to the district court's diversity jurisdiction; indeed, the Joint Preliminary Report and Discovery Plan (signed by counsel for both parties) states expressly that no question about the district court's jurisdiction exists, and the Joint Consolidated Proposed Pre-Trial Order (signed by both parties and also signed by the district court judge) again states expressly the absence of question about federal court jurisdiction.

After a jury verdict in favor of Toyota, Plaintiffs filed this appeal to raise a single issue: whether the district court exercised properly subject matter jurisdiction over this controversy. It is now Plaintiffs's position that Defendant failed to show a reasonable probability that the amount in controversy exceeded the requisite amount to support removal jurisdiction. Although Plaintiffs raise this

3

issue only after the jury rendered a verdict against them, a jurisdictional defect cannot be waived by the parties and may be raised at any point during litigation. See, e.g., Harris v. United States, 149 F.3d 1304, 1308 (11th Cir. 1998) (gathering precedents acknowledging inability of parties to confer subject matter jurisdiction on a federal court and recognizing court's independent obligation to inquire into jurisdiction whenever jurisdictional infirmity may exist).

Because this case was first filed in state court and removed to federal court by Toyota, Toyota bears the burden of establishing federal jurisdiction. Williams v. Best Buy Company, Inc., 269 F.3d 1316, 1319 (11th Cir. 2001). When the plaintiff fails to plead a specific amount of damages, the removing defendant, by a preponderance of the evidence, must prove that the amount in controversy exceeds the jurisdictional requirement. Id. With jurisdiction premised on diversity, Toyota must show that the amount in controversy exceeded $75,000. See 28 U.S.C. § 1332(a).

When the complaint does not claim a specific amount of damages, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." Best Buy, 269 F.3d at 1319. In Best Buy, the plaintiff sought damages for physical and mental injuries she alleged she suffered when she tripped while entering a Best Buy store.

The complaint sought general, special and punitive damages, each in unspecified amounts. The notice of removal proffered no facts in support of the jurisdictional amount; instead, the notice of removal stated only that the plaintiff refused to stipulate that damages did not exceed $75,000 and that the jurisdictional amount was exceeded. When the plaintiff appealed the district court grant of summary judgment in favor of Best Buy, we asked the parties to brief whether the jurisdictional amount was satisfied. Best Buy offered no evidence; it continued to rely on the negative inference from Plaintiff's refusal to stipulate and on its unsupported conclusion that damages exceeded $75,000.

We said that "[a] conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." Id. at 1319-20. We rejected Best Buy's assertion that the plaintiff's refusal to stipulate that her claims did not exceed $75,000.00, without more, satisfied Best Buy's burden on the jurisdictional issue. Id. at 1320. And because the record contained no evidence relevant to the issue, we could not say "that the amount in controversy more likely than not exceeds $75,000," id. at 1320; we ordered a limited remand for the district court to make factual findings on the amount in controversy.

Plaintiffs argue that Best Buy compels a remand; we disagree. The notice of removal filed by Toyota -- unlike the notice of removal in Best Buy -- attaches a specified amount ($66,678.65) to one component of the damage request.[1] In addition, the notice of removal set out other components of Plaintiffs's claims for damages. In the light of the quantified damages approaching the jurisdictional amount by themselves, together with the specification of additional other damages claimed, and combined with Plaintiffs's representations before trial that no question existed about the district court's jurisdiction, on this record we can say -- unlike the Best Buy court -- "that the amount in controversy might well exceed the jurisdictional amount." Toyota shows, by a preponderance of the evidence, that the jurisdictional requirement is satisfied.[2]


AFFIRMED.

---

[1] And the trial record makes clear that Plaintiffs-- by the time of removal -- deemed the defective Lexus to be entirely without value because of alleged safety defects that the manufacturer was unwilling or unable to remedy. See Sierminski v. Transouth Financial Corp., 216 F.3d 945, 949 (11th Cir. 2000) (allowing consideration of post-removal evidence in assessing removal jurisdiction provided the jurisdictional facts that support removal are judged as of the time of removal).

[2] Although not cited in the district court, the parties's briefs address an alternative basis for federal jurisdiction: the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 et seq. That Act provides for federal district court jurisdiction over certain warranty claims brought by a consumer, provided the amount in controversy is at least $50,000 (exclusive of interest and costs). 15 U.S.C. § 2310(d)(3)(B). Because we conclude that the district court had diversity jurisdiction, we do not consider whether this alternative source of federal jurisdiction was available.