Brenda SHAVER, Plaintiff,

v.

FORD MOTOR COMPANY and Sawgrass Ford, Inc., Defendants.

Case No. 05–61591–CIV.

United States District Court, S.D. Florida.

Jan. 6, 2011.

Gary Michael Farmer, Jr., Rothstein Rosenfeldt Adler, Fort Lauderdale, FL, for Plaintiff.

Scott A. Richman, Michael Correnti, McDonald Toole Wiggins P.A., Maitland, FL, for Defendant.

### ORDER ON MOTION FOR REMAND

KENNETH A. MARRA, District Judge.

THIS CAUSE is before the Court upon Plaintiff Brenda Shaver's Motion for Remand [DE 28]. Defendant Ford Motor Cars has filed a response in opposition to the motion [DE 34]. The Court has reviewed the motion and response, and is otherwise fully advised in the premises.

### Background

Plaintiff filed the original class action complaint on or about September 8, 2005, in the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, solely alleging violations of the

Florida Deceptive Unfair Practices and Trade Act ("FDUPTA") [DE 34–2]. Shortly thereafter, Defendant Ford filed a Notice of Removal pursuant to the Class Action Fairness Act ("CAFA"), and the case was removed to this Court [DE 34–3]. The case was then transferred to the Multi–District Litigation panel (MDL–1718). A Master Amended Complaint alleging additional causes of action was filed on July 28, 2006 [DE 34–5][1]. The transferee court dismissed all claims except those for strict liability and negligence [DE 34–6, 34–7]. The case was remanded back to this Court on September 1, 2010 [DE 34–8].

Plaintiff now moves for remand arguing that the Defendants have not sustained their burden of proof that the amount in controversy exceeds $5 million. Plaintiff argues that Defendants have made assertions without presenting evidence of the exact number of defective vehicles sold in Florida. Defendant Ford argues in response that the important issue is whether there was federal jurisdiction at the time of removal and that it is permitted to submit post-removal evidence regarding the amount in controversy. Defendant explains that Plaintiff and her class are clearly seeking damages in excess of $5 million.

### Discussion

■ Under CAFA, district courts have original jurisdiction over any civil class action in which the matter in controversy exceeds $5,000,000.00, exclusive of costs and interest, there is minimal diversity of the parties, and the numerosity and commonality requirements are met. 28 U.S.C. § 1332(d)(2). In the case at hand, the sole issue is whether the statutory amount-in-controversy requirement was met. Even in CAFA cases, the burden of proof is on the defendant to show that the case was

properly removed. *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1332 (11th Cir.2006). When the plaintiff has not specifically pled the amount of damages, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11 Cir.2001).

■ When analyzing whether the amount-in-controversy requirement has been fulfilled, a court must focus on what the amount in controversy was "at the time of removal, not later." *Pretka v. Kolter City Plaza, II, Inc.*, 608 F.3d 744, 751 (11th Cir.2010). In *Pretka*, the Eleventh Circuit also explained that courts are permitted to consider evidence of the amount in controversy if the complaint does not allege a specific amount of damages. *Id.* at 754. Permissible evidence includes affidavits, declarations, and documentation and is not limited in scope by the substantive jurisdictional requirements of removal. *Id.* at 755. Moreover, the *Pretka* court distinguished the case of *Lowery v. Alabama Power Co.*, 483 F.3d 1184 (11th Cir.2007), on the basis that *Lowery* involved removal under the second paragraph of 28 U.S.C. § 1446(b). *Id.* As this case was removed under the first paragraph of the statute, *Pretka* is relevant rather than *Lowery* is controlling.

■ Plaintiff's class action complaint involves a class encompassing all Florida residents who purchased one of the subject Ford vehicles. Plaintiff alleged in paragraph 4 of the complaint that "[t]he claims of the named Plaintiffs are for damages in excess of $15,000 per Plaintiff ..." [DE 34–2]. She also alleged in paragraph 14 that "[t]he Class is composed of at least hundreds of thousands of persons ..." [DE 34–2]. Based on these allegations

1. A Second Amended Master Complaint was also later filed.

alone, the requisite amount of controversy of $5,000,000.00 is evident on the face of the complaint as 100,000 times $15,000.00 exceeds $5,000,000.00.

Furthermore, Defendant has attached to its response to the motion for remand the affidavit of Mark Hoffman, an employee of Ford. He attests that there are more than four hundred (400) non-litigated claims and lawsuits that involve fires of the type at issue in this case and that 726,504 vehicles have been recalled. Based on Mark Hoffman's affidavit, taken in conjunction with the allegations of the class action complaint, Defendant met its burden of proof regarding the amount controversy when it first removed the case to this Court.

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff Brenda Shaver's Motion for Remand (DE 28) is **DENIED.**