Danielle R. FUSCO, Plaintiff,

v.

VICTORIA'S SECRET STORES, LLC,
d/b/a Victoria's Secret, Defendant.

Case No. 6:11–cv–989–ORL–22DAB.

United States District Court,
M.D. Florida,
Orlando Division.

Aug. 19, 2011.

Travis R. Hollifield, Winter Park, FL, for Plaintiff.

Andrew C. Smith, Adam J. Rocco, Vorys, Sater, Seymour & Pease, LLP, Columbus, OH, Morey Raiskin, Lowndes, Drosdick, Doster, Kantor & Reed, PA, Orlando, FL, for Defendant.

### ORDER

ANNE C. CONWAY, District Judge.

This cause comes before the Court for consideration of the parties' Joint Stipulation for Severance and Remand of Count III (Doc. No. 11), filed on July 5, 2011. The Court will also consider Plaintiff Danielle R. Fusco's Motion to Remand Counts I, II, IV, V, and VI (Doc. No. 15), filed on July 14, 2011. Defendant Victoria's Secret Stores, LLC ("VSS") filed a response in opposition (Doc. No. 16) on July 28, 2011. Based on the following analysis, the Court will grant the parties' joint motion for severance and remand of Count III and will grant Fusco's motion to remand the remaining counts.

### I. BACKGROUND

In her complaint, Fusco states that she began working for VSS in or around October 2008. (Doc. No. 2 ¶ 8.) Fusco received a 90-day review in January 2009 stating that she "exceeded expectations" or "met expectations." (*Id.* at 9.) She alleges that on several occasions in early April 2009, she suffered "hostile work environment sexual harassment" as a result of a co-worker's unwelcomed language and conduct. (*Id.* at 10.) She states that when she complained to her supervisors, they blamed her for the incident and treated it nonchalantly. (*Id.* at 13–14.) The managers gave the co-worker a "write-up" on April 20, 2009, but also gave Fusco a "write-up" on that same day. (*Id.* at 15–16.) Fusco states that after that incident, VSS "subjected Plaintiff to unwarranted

heightened scrutiny and criticism of her work and further retaliated against her by ordering her to complete work at home without being paid for it." (*Id.* at 17.) Fusco states that VSS hired a less qualified person for a store manager position, even though Fusco had applied for it. (*Id.* at 22.) On October 6, 2009, Fusco was sprayed in the face and mouth by a person who stole a customer's purse; however, she states that she tried to contact human resources but was never able to speak to anyone regarding the incident. (*Id.* at 24–26.) Fusco states that her store manager instructed her to fax a report of the incident and the nature of her injury to the district manager, which Fusco did on October 7, 2009. (*Id.* at 27.) On October 9, 2009, Fusco was terminated. (*Id.* at 28.)

Plaintiff alleges six counts in her complaint: Sexual Harassment in violation of the Florida Civil Rights Act ("FCRA") (Count I); FCRA Retaliation for objecting to sexual harassment (Count II); Worker's Compensation Retaliation (Count III); Unpaid Wages (Count IV); Failure to Pay Minimum Wage (Count V); and Retaliation for objecting to unpaid wages (Count VI).

### II. ANALYSIS

### A. JOINT STIPULATION TO SEVER AND REMAND COUNT III

The parties conferred telephonically and "agreed to stipulate to a severance and remand of Plaintiff's Count III Worker's Compensation Retaliation claim to Orange County Circuit Court." (Doc. No. 11 ¶ 8.) "A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C. § 1445(c). Thus, Count III will be remanded.

## B. FUSCO'S MOTION TO REMAND ALL REMAINING COUNTS

Fusco asserts that all of her remaining claims should be remanded. She contends that the Court cannot exercise diversity jurisdiction because the amount in controversy requirement has not been satisfied. In its notice of removal, VSS asserts that the amount in controversy exceeds $75,000.00 based on Fusco's requests for back pay, front pay, compensatory damages, and punitive damages. VSS contends that Fusco's back pay amounts to $54,995.00 per year, based on her straight pay rate of $26.44 an hour, from the date she was terminated on October 9, 2009. (Doc. No. 1 ¶ 7.) VSS also asserts that her other requested damages would increase this amount and that it "is thus apparent from the face of the Complaint that the amount in controversy exceeds $75,000.00." (*Id.* at 7.)

Fusco asserts that in her complaint, the damages she requests are non-specific or indeterminate. (Doc. No. 15 p. 6.) She states that the only claims that contain specificity regarding monetary amounts are Count IV, where she alleged that "she was not compensated for an indeterminate amount of hours she worked off the clock at a straight time pay rate of $26.44 per hour," and Counts V and VI, where she alleged that "the State of Florida was entitled to a statutory penalty of $1,000.00 for each violation proven." (*Id.* at 7.) Fusco states that she "did not assign a specific numerical monetary value to any of the various types of relief sought in the counts presented." (*Id.*) Fusco asserts that VSS has failed to carry its burden to prove that the amount in controversy requirement has been met because it states that her back pay should be calculated at $54,995.00 and does not account for "any actual or potential setoff or mitigation between the date of Plaintiff's termination and the date

of the filing of the Notice of Removal." (*Id.* at 7–8.) Fusco states that VSS assumes that she has not earned wages or sought work since her termination. (*Id.* at 8.) Fusco contends that the "balance of VSS's argument is simply that when aggregating the type of relief sought by the Plaintiff, 'it is apparent from the face of the Complaint that the amount in controversy exceeds $75,000.'" (*Id.*) (citing Doc. No. 1 ¶ 7). Fusco asserts that VSS's argument is insufficient for two reasons. First, the argument is insufficient because VSS attempts to incorporate "court costs and interest" into the relief sought by Fusco, but the value of such relief cannot be included in the calculation for jurisdictional purposes. (*Id.*) The argument is also insufficient, according to Fusco, because "there is no value—real or imagined—assigned by VSS to *each* type or category of relief sought except for the aforementioned backpay calculation and the $1,000.00 per violation penalty that is assessable if Plaintiff prevails on her Florida Constitutional law claims" and because "VSS assigns no numerical value whatsoever" to any of the other types of relief sought. (*Id.* at 8–9.)

Fusco submits an affidavit and W–2 forms that set forth her mitigation amount in detail. In the affidavit, she states that when she was terminated from VSS on October 9, 2009, she was earning $26.44 per hour. (Doc. No. 15–1 ¶¶ 4–5.) Fusco was unemployed until November 18, 2009, when she was hired by Luxottica Retail North America ("Luxottica") at a rate of $17.00 per hour. (*Id.* at 6.) She is still employed by Luxottica. (*Id.* at 7.) She was given a pay raise to $17.45 per hour on June 6, 2010; $17.54 per hour on June 27, 2010; and $18.07 per hour on April 3, 2011. (*Id.*) Fusco earned $3,877.70 from Luxottica in 2009; $43,849.91 in 2010; and $19,451.49 from January 1, 2011, to June

25, 2011.[1]  (*Id.* at 11.)  The total amount earned from Luxottica is $67,179.10 for this time period of 83 weeks.  *(Id.)* She contends that these amounts should be subtracted from her back pay.

Instead of the amount proposed by VSS of $54,995.00 per year, Fusco asserts that her back pay claim is only worth $29,368.59 as of June 25, 2011, which was ten days after VSS filed its notice of removal.  (*Id.* at 16.)  To arrive at this figure, she first calculated her lost back pay as $6,345.00 during her period of unemployment from October 9, 2009, to November 18, 2009, using her hourly rate at VSS of $26.44 per hour and multiplying it by forty hours a week for six weeks.  (*Id.* at 12.)  She states that she was also entitled to a bonus of $2,421.29 from VSS that she did not receive, bringing her lost back pay and lost bonus total to $8,766.89.  (*Id.* at 13.)  Fusco then multiplied her VSS hourly rate by the 83 weeks she has worked at Luxottica, which equals $87,780.80, adding it to her lost back pay and bonus to get $96.547.69.  (*Id.* at 14–15.)  Finally, Fusco subtracted her total earnings from Luxottica of $67,179.10 from the $96,547.69 amount she would have earned had she still been at VSS, which results in a total potential back pay amount of $29,368.59.  (*Id.* at 16.)  She states that she does not have sales data from VSS to calculate her lost bonuses for the time period after her termination.  (*Id.* at 17.)

Regarding her other requested forms of relief, Fusco states in her affidavit that she does "not possess sufficient information at this time to provide a reasonable estimate of my other claimed economic and non-economic damages including unpaid wages for off-the-clock and all other forms of claimed damages."  (*Id.* at 18.)

VSS, as the removing party, bears the burden of proving that federal jurisdiction exists.  *Williams v. Best Buy Co., Inc.,* 269 F.3d 1316, 1319 (11th Cir. 2001).  "Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement."  *Id.* Removal statutes are to be strictly construed against removal.  *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108, 61 S.Ct. 868, 85 L.Ed. 1214 (1941).

In VSS's response in opposition, VSS first argues that Fusco's back pay calculation is inaccurate.  (Doc. No. 16. p. 3.) VSS asserts that under the FCRA, back pay is calculated to the date of judgment, not to the filing of the notice of removal.  *(Id.)* VSS does not specify the amount of this additional back pay.  As explained below, the Court agrees that back pay is calculated differently than Fusco calculated it; however, it is calculated to the date of trial, not the date of judgment.  VSS also argues that the Court should not consider mitigation when calculating back pay for amount in controversy purposes.  (Doc. No. 16 p. 4.) VSS states that some courts do not allow mitigation and cites two unpublished district cases in support of this argument.  This argument is unpersuasive because most courts consider mitigation when calculating back pay if the plaintiff submits affidavits or other evidence specifying the amount of mitigation.  *See, e.g., Destel,* 2004 WL 746293, at *4 (remanding the case because the "potential value" of the "compensatory and punitive damage claims, combined with the value of Plaintiff's other claims for relief," did not meet the amount in controversy requirement after calculating the plaintiff's back pay award based on evidence the plaintiff sub-

---

1.  Fusco's 2009 and 2010 W–2 forms confirm these amounts.  (Doc. No. 15–1 pp. 7, 9.)

mitted regarding mitigation; the defendant did "not offer any kind of concrete appraisal of the value of Plaintiff's claims for compensatory or punitive damages").

■ Caselaw in this Circuit is not extremely clear regarding how back pay is calculated for purposes of establishing the amount in controversy requirement. Some courts calculate back pay for this purpose to the date of trial. *See, e.g., Destel v. McRoberts Protective Agency, Inc.*, No. 03–62067–Civ, 2004 WL 746293, at *4 n. 3 (S.D.Fla. Feb. 17, 2004); *Deel v. Metromedia Rest. Servs., Inc.*, No. 3:05CV120/MCR, 2006 WL 481667, at *4 (N.D.Fla. Feb. 27, 2006) (citations omitted). Other courts have found that back pay should be calculated to the date of removal based on the Eleventh Circuit's opinion in *Lowery v. Alabama Power Co.*, 483 F.3d 1184 (11th Cir.2007). *See Snead v. AAR Mfg., Inc.*, No. 8:09–cv–1733–T–30EAJ, 2009 WL 3242013, at *3 (M.D.Fla. Oct. 6, 2009) (finding that calculating back pay for amount in controversy purposes through the date of trial would be speculative; the court also stated that the cases that supported the defendant's argument that damages could be calculated through trial were decided pre-*Lowery*, which "drastically changed the analysis of removal"); *but see Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 747 (11th Cir.2010) (clarifying that its holding in *Lowery* only applied to cases removed pursuant to the second paragraph of 28 U.S.C. § 1446(b), and stating that when *Lowery* refers to cases removed pursuant to the first paragraph 28 U.S.C. § 1446(a), those statements are dicta). It appears that back pay for purposes of the amount in controversy

requirement should be calculated to the date of trial.

■ Nevertheless, even after adding back pay to the amount as stated by Fusco, it does not reach the jurisdictional amount. The Court calculates additional back pay and mitigation from the time the complaint was filed on April 25, 2011, to June 22, 2012, an estimated trial date approximately 12 months after the case was removed to this Court. The Court subtracts the time that Fusco has already accounted for in her affidavit—until June 25, 2011. This results in a time period of 52 weeks. Assuming Fusco is still working for Luxottica until that time, the Court takes her current hourly rate—$18.07—and multiplies it by 40 hours a week for 52 weeks. This calculation predicts her pay at Luxottica for this time period to total $37,585.60. The Court subtracts this mitigation amount from the additional back pay if she had been employed at VSS instead—52 × 40 × $26.44, which equals $54,995.20. Subtracting $37,585.60 from $54,995.20 results in $17,409.60 of additional back pay.

■ Adding this to Fusco's proposed amount of back pay of $29,368.59, the total is a potential back pay award of $ 46,778.19. Even adding the amount of front pay VSS proposes—$17,409.60—the amount is $64,187.79—still under $75,000.00. VSS also argues that Fusco has alleged $7,000.00 in minimum wage penalties, but, even assuming that these penalties are part of the amount in controversy although they would be paid to the state, this brings the grand total to $71,187.89.[2]

---

**2.** Fusco is correct when she asserts that court costs and interest cannot be incorporated into the amount in controversy calculation. 28 U.S.C. § 1332(a). Further, when a "statutory cause of action entitles a party to recover

reasonable attorney fees, the amount in controversy includes consideration of those fees." *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1079 (11th Cir.2000). However, under the FCRA, attorney's fees are awarded as part of

Finally, VSS does not offer specific amounts regarding the other forms of relief. VSS asserts that the statutory maximum of $100,000.00 for punitive damages under the FCRA should be added; however, some courts have determined that the full amount should not be added simply because the plaintiff did not specify an amount. *See Brown v. Am. Express Co., Inc.*, No. 09–61758–CIV, 2010 WL 527756, at *6 (S.D.Fla. Feb. 10, 2010). " '[I]f the prayer for punitive damages satisfies the amount in controversy, nearly every [FCRA] case is immediately removable.' " *Id.* at *7 (quoting *Desmond v. HSBC Servs., Inc.*, No. 8:09–cv–1272–T–23TBM, 2009 WL 2436582, at *2 (M.D.Fla. Aug. 6, 2009)). VSS does not offer even an estimate of the potential amount of punitive damages that might be awarded. Resolving all uncertainties in favor of remand, the Court finds that VSS has not proven the amount in controversy by a preponderance of the evidence.

### III. CONCLUSION

■ As explained above, Fusco has submitted an affidavit and W–2 forms specifying the amount of mitigation. Courts may consider evidence submitted after the notice of removal is filed if relevant to establish facts that existed at the time of removal. *See Brown v. Cunningham Lindsey U.S., Inc.*, No. 305CV141J32HTS, 2005 WL 1126670, at *3 (M.D.Fla. May 11, 2005) (citing *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir.2000)). The Court finds that Fusco's affidavit is sufficiently detailed so as to establish doubt regarding whether the amount in controversy is satisfied. Uncertainties are resolved in favor of remand. *Burns. v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th

Cir.1994). The Court finds that VSS has not proven by a preponderance of the evidence that the amount in controversy is satisfied. Thus, the Court will remand Fusco's remaining claims.

Based on the foregoing, it is ORDERED as follows:

1. The parties' Joint Stipulation for Severance and Remand of Count III (Doc. No. 11), filed on July 5, 2011, is GRANTED.

2. Plaintiff Danielle R. Fusco's Motion to Remand Counts I, II, IV, V, and VI (Doc. No. 15), filed on July 14, 2011, is GRANTED.

3. This case shall be REMANDED to the Circuit Court of the Ninth Circuit in and for Orange County, Florida. The clerk shall mail a certified copy of the order of remand to the Ninth Circuit.

4. The Clerk is directed to CLOSE this case.

**DONE and ORDERED**

the costs. Fla. Stat. § 760.11(5). As stated above, costs cannot be considered when de-

termining the amount in controversy.