[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

——————————

No. 12-11554

——————————

D. C. Docket No. 6:10-cv-00085-JA-KRS

SUCSOVA INVESTMENTS, INC.,
a Panamanian Corporation,

Plaintiff-Appellee,

versus

MAGNOLIA HOLDINGS OF CELEBRATION, LLC,
VENANCIO TORRE, a citizen of Florida,
ANDREW LA ROSA, a citizen of Florida,

Defendants-Appellant.

——————————

Appeal from the United States District Court
for the Middle District of Florida

——————————

(June 19, 2013)

Before DUBINA, Chief Judge, JORDAN and COX, Circuit Judges.

PER CURIAM:

This case arose out of a real estate venture gone bad.  Plaintiff-Appellee Sucsova Investments, Inc. ("Sucsova") brought this action as the alleged holder of a promissory note (the "Note") executed by Defendant-Appellant Magnolia Holdings of Celebration, LLC ("Magnolia") and guaranteed by Defendants-Individual Appellants Venancio Torre ("Torre") and Andrew La Rosa ("La Rosa"). After a bench trial, the district court found that Sucsova was entitled to the full amount of the valid Note, plus interest.  Appellants argue that the Note was replaced by a joint venture agreement, wherein the parties agreed Sucsova would become an equity partner, and that, accordingly, no money is owed under the Note.

The issues presented on appeal are

(1)    Whether the district court clearly erred in its findings of fact and erred in its conclusions of law when it found that the parties had not entered into a joint venture agreement, that Sucsova was not a member of Magnolia, and thus, that the parties are completely diverse for subject matter jurisdiction?

(2)    Whether the district court erred in admitting the faxed copy of the Note into evidence as a negotiable instrument because there was no delivery of the Note and because Sucsova did not file the original Note with the court?

"Subject matter jurisdiction is a question of law subject to de novo review." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1318 (11th Cir. 2001).  "Factual findings regarding the citizenship of a party are subject to a clearly erroneous standard of

2

review." *Ambrosia Coal & Constr. Co. v. Pages Morales*, 482 F.3d 1309, 1313 (11th Cir. 2007).

After a bench trial, we review the district court's factual findings for clear error. *Crystal Entm't & Filmworks, Inc. v. Jurado*, 643 F.3d 1313, 1319 (11th Cir. 2011). "Under the clear error standard, we may reverse the district court's findings of fact if, after viewing all the evidence, we are left with the definite and firm conviction that a mistake has been committed." *Id.* at 1319–20 (internal quotation marks omitted). "We review conclusions of law made by a district judge following a bench trial *de novo*." *Renteria-Marin v. Ag-Mart Produce, Inc.*, 537 F.3d 1321, 1324 (11th Cir. 2008).

After reviewing the record, reading the parties' briefs, and having the benefit of oral argument, we affirm the district court's judgment in favor of Sucsova. We also conclude that the district court did not err in finding that all of the members of Magnolia were Florida citizens, that the parties had not entered into a joint venture agreement, and that Sucsova was not a member of Magnolia, therefore establishing complete diversity of citizenship.

**AFFIRMED.**