[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11208
Non-Argument Calendar
_____

D.C. Docket No. 3:12-cv-01212-HES-MCR

BANK OF NEW YORK AS TRUSTEE FOR THE
CERTIFICATE HOLDERS OF CWALT, INC. 2005-10CB,

Plaintiff-Counter Defendant-Appellee,

versus

PHYLLIS A. ANGLEY,

Defendant-Counter Claimant-Third Party Plaintiff-Appellant,

ANGLEY,
unknown spouse of Phyllis A. Angley, if married, et al.,

Defendants,

FLORINDA BERLANGA, et al.,

Third Party Defendants.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 28, 2014)

Before TJOFLAT, WILSON and JORDAN, Circuit Judges.

PER CURIAM:

Phyllis Angley, appearing pro se, appeals the district court's sua sponte order remanding Appellee's foreclosure action against her to state court. After careful consideration of Angley's argument, we affirm.

Angley's husband, Pablo Berlanga, removed this case to federal court with Angley's consent. The district court remanded after concluding that the notice of removal had been untimely filed. Angley argues that the notice was timely. We affirm without addressing this argument because the district court lacked subject matter jurisdiction, requiring remand to state court. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *see Koziara v. City of Casselberry*, 392 F.3d 1302, 1306 n.2 (11th Cir. 2004) (holding that we can affirm on any ground supported by the record).

"Appellate courts have a responsibility to examine the subject matter jurisdiction of the district courts in actions that they review." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1318 (11th Cir. 2001). A state-court action may only be

2

removed to federal court if it could have been filed in federal court originally based on diversity or federal question jurisdiction. *Lindley v. FDIC*, 733 F.3d 1043, 1050 (11th Cir. 2013). The defendant seeking removal bears the burden of proving that jurisdiction exists. *Williams*, 269 F.3d at 1319.

Angley and Berlanga failed to meet that burden. Berlanga's notice of removal asserted that federal question jurisdiction existed based on 18 U.S.C. § 1595. On appeal, Angley argues that Appellee's act of filing a foreclosure suit in state court formed the basis for Angley and Berlanga's § 1595 violation. Appellee's complaint, however, alleged only state-law claims, 18 U.S.C. § 1595 was not part of the well-pleaded complaint, and it is Angley and Berlanga—not Appellee—who asserts an 18 U.S.C. § 1595 claim.

There can be no federal question jurisdiction or removal based on an argument raised by the defense, whether that argument is a defense or a counterclaim. *See Ervast v. Flexible Prods. Co.*, 346 F.3d 1007, 1012 (11th Cir. 2003) ("[U]nless the face of a plaintiff's complaint states a federal question, a defendant may not remove a case to federal court on this basis, even though a possible defense might involve a federal question."); *see also Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831, 122 S. Ct. 1889, 1894 (2002) ("It follows that a counterclaim—which appears as part of the defendant's

3

answer, not as part of the plaintiff's complaint—cannot serve as the basis for 'arising under' jurisdiction.").

Further, because Angley and Berlanga never asserted diversity jurisdiction in the district court, and Angley expressly disclaims it on appeal, they have not met their burden of showing that subject matter jurisdiction exists based on diversity jurisdiction, either. *See Williams*, 269 F.3d at 1319; *see also Ervast*, 346 F.3d at 1012 n.4 (holding that, "[a]lthough [diversity jurisdiction may have existed], we decline the invitation to exercise jurisdiction on that basis because [the defendant] had the burden to plead this basis in its notice of removal, and it did not").

Because remand to state court was the correct result, we affirm.

**AFFIRMED.**