528 F.2d 986
 UNITED STATES of America, for and on Behalf of MISSISSIPPI
ROAD SUPPLY CO., Plaintiff-Appellee,
v.
H. R. MORGAN, INC., U.S. Fidelity and Guaranty Co. and Bobby
Gray Young, etc., Defendants-Appellants.
 No. 74--3761.
 United States Court of Appeals,
Fifth Circuit.
 March 5, 1976.
 
 Jolly W. Matthews, III, Jere R. Ramsay, Hattiesburg, Miss., for defendants-appellants.
 Henderson S. Hall, Jr., Natie P. Caraway, Jackson, Miss., for plaintiff-appellee.
 Appeal from the United States District Court for the Southern District of Mississippi.
 Before MORGAN, CLARK and TJOFLAT, Circuit Judges.
 PER CURIAM:
 
 
 1
 In this suit upon a general contractor's bond by a subcontractor's supplier, which resulted in verdict and judgment for the plaintiff, several alternative bases for federal jurisdiction of the cause were asserted. Plaintiff's primary reliance was on the Miller Act, 40 U.S.C. §§ 270a & b (1970). However, this is not a gardenvariety Miller Act transaction. The United States was not a party to the contract and the bond sued on runs in favor of Chata Development Corporation, a Mississippi corporation, rather than the United States. Plaintiffs nevertheless assert that Miller Act jurisdiction obtains, relying on a number of cases in which conditions of federal ownership of the construction site or the degree of federal involvement with the construction project were reasoned to make the protections of the Miller Act available and permit use of its jurisdictional grant. Compare, e.g., United States ex rel. Miller v. Mattingly Bridge Co., 344 F.Supp. 459 (W.D.Ky.1972) with United States ex rel. Gamerston & Green Lumber Co. v. Phoenix Assurance Co., 163 F.Supp. 713 (N.D.Cal.1958).
 
 
 2
 Prior to the trial of this case, defendants submitted a motion to dismiss for want of jurisdiction. Both sides submitted briefs; oral argument on the issue was waived. The district court held that Miller Act jurisdiction attached. However, the court's order gave no indication of the basis for its decision on the jurisdictional issue. In addition, the record contains only a casual reference to the title ownership of the construction site lands. Since prior cases frequently have turned on this factual fulcrum, it is vital to a proper determination of the jurisdictional issue for the record to be properly developed and a decision made by the district court as to record ownership of the site. Accordingly, we remand this portion of the case to the district court for the appropriate factual development and determination and a reconsideration of the jurisdictional issue in light of that determination.
 
 
 3
 In a similar vein, we note that the judgment of the district court included an award of attorneys' fees. Again, neither the factual nor the legal basis for this award appears in the record. Upon remand, therefore, should the district court once again find that the case was properly before it, it should conduct any further proceedings that it may determine to be necessary to enable the district court to make findings of fact and conclusions of law disclosing the basis for its decision to award attorneys' fees to the plaintiff.
 
 
 4
 Of course, we express no opinion at this time as to the proper result of these or other factual or legal determinations. We retain jurisdiction of all other aspects of this appeal.
 
 
 5
 Remanded with directions.