# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 8, 2010

No. 09-31126

Lyle W. Cayce
Clerk

VINCENT MAURICE HARRIS,

Plaintiff-Appellant

v.

BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY &
AGRICULTURAL & MECHANICAL COLLEGE, on behalf of LSU Health
Science Center Shreveport,

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:08-cv-737

Before REAVLEY, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Vincent Maurice Harris ("Harris") appeals the district court's grant of summary judgment and denial of his motion for recusal. For the following reasons, we AFFIRM.

## FACTS AND PROCEEDINGS

Harris was employed by the Central Medical Supply Department at Louisiana State University Health Sciences Center-Shreveport from August

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-31126

2005 until December 2007. In May 2008, Harris, proceeding *pro se*, filed a lawsuit against the Board of Supervisors of Louisiana State University and Agricultural and Mechanical College ("LSU") and Louisiana State University Health Sciences Center-Shreveport (collectively "LSUHSC-S"), asserting claims of sex discrimination, hostile work environment, and retaliation. LSUHSC-S moved for summary judgment on the grounds that Harris had not exhausted his administrative remedies and that he could not establish a prima facie case as to any of his claims. On October 20, 2009, the district court granted summary judgment in favor of LSUHSC-S and entered a final judgment. Harris subsequently filed a motion for recusal of the presiding judge, Judge S. Maurice Hicks, Jr. ("Judge Hicks"). Harris's motion stated that Judge Hicks should have recused himself pursuant to 28 U.S.C. § 455(a) because Judge Hicks was affiliated with LSU and argued that the final judgment should be vacated. The district court construed the motion for recusal as a motion for relief from final judgment under Rule 60(b) of the Federal Rules of Civil Procedure and denied it, stating that "there is no evidence that [Judge Hicks's] affiliation [with LSU] is sufficient to undermine confidence in the impartiality of the proceedings." Harris, *pro se*, appeals the district court's denial of his motion for recusal.[1]

## LAW AND ANALYSIS

28 U.S.C. § 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." "A party

---

[1] Although Harris has appealed the entry of summary judgment, he has failed to raise any arguments in support of that appeal. Because issues not briefed on appeal are waived, *see United States v. Thames*, 214 F.3d 608, 611 n.3 (5th Cir. 2000), Harris has waived any argument concerning the district court's grant of summary judgment and this court considers only the recusal issue.

2

No. 09-31126

seeking such disqualification must show that, if a reasonable man knew of all the circumstances, he would harbor doubts about the judge's impartiality." *Travelers Ins. Co. v. Liljeberg Enterprises, Inc.*, 38 F.3d 1404, 1408 (5th Cir. 1994) (citation omitted). The object of this provision is to "avoid even the appearance of partiality." *Patterson v. Mobil Oil Corp.*, 335 F.3d 476, 484 (5th Cir. 2003) (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988)).

"Although § 455 does not speak to vacating a judgment, Rule 60(b)(6), in conjunction with § 455, does provide 'a procedure whereby, in appropriate cases, a party may be relieved of a final judgment.'" *Travelers Ins. Co.*, 38 F.3d 1404 at 1408 (quoting *Liljeberg*, 486 U.S. at 863); *see also Patterson*, 335 F.3d at 485 ("Although we conclude that [the district judge] should have stood recused under § 455(a), we do not automatically vacate the rulings issued after he should have recused himself."). Rule 60(b)(6) is only invoked in "extraordinary circumstances." *Rocha v. Thaler*, 619 F.3d 387, 400 (5th Cir. 2010). "[D]enial of a [Rule] 60(b)(6) motion is reviewed only for abuse of discretion." *Travelers Ins. Co.*, 38 F.3d at 1408. "Therefore, '[i]t is not enough that the granting of relief might have been permissible, or even warranted—denial must have been so unwarranted as to constitute an abuse of discretion.'" *Id.* (quoting *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. Unit A. 1981)).

Rule 60(b)(6) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any . . . reason that justifies relief." FED. R. CIV. P. 60(b)(6). "[I]n determining whether a judgment should be vacated for a violation of § 455(a), it is appropriate to consider the risk of injustice to the parties in the

3

No. 09-31126

particular case, the risk that the denial of relief will produce injustice in other cases, and the risk of undermining the public's confidence in the judicial process." *Liljeberg*, 486 U.S. at 864 (citations omitted).

A. *Section 455(a)*

Harris presents several arguments that Judge Hicks's recusal was warranted under § 445(a). His motion for recusal and accompanying affidavit state that Judge Hicks is an alumnus of LSU. Being an alumnus of a university does not preclude a judge from presiding over a case involving that university under § 445(a). *See, e.g.*, *Levitt v. University of Texas at El Paso*, 847 F.2d 221, 225–26 & n.13 (5th Cir. 1988); *Lunde v. Helms*, 29 F.3d 367, 370–71 (8th Cir. 1994); *Wu v. Thomas*, 996 F.2d 271, 274–75 & n.7 (11th Cir. 1993).

The affidavit and the briefing filed by Harris before this court asserted that Judge Hicks is a "trustee" of LSU. Under 28 U.S.C. § 455(b)(5)(i), a judge's recusal is required if the judge is a trustee of a party. *See also Liljeberg*, 486 U.S. at 865–66. Recusal would also be required under § 455(a) because a trustee relationship would create the appearance of partiality. LSUHSC-S stated that Judge Hicks is not a member of the Board of Supervisors, which manages and supervises LSU. *See* LA. CONST. art 8, § 7. This court takes judicial notice of the fact that LSU is managed by the Board of Supervisors, rather than a board of trustees, *see id.*, and that Judge Hicks is not a member of the Board of Supervisors of LSU.[2]

---

[2] Judicial notice may be taken of any fact "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b). An appellate court may take judicial notice of facts, even if such facts were not noticed by the trial court. *United States v. Herrera-Ochoa*, 245 F.3d 495, 501 (5th Cir. 2001) (citing FED. R. EVID. 201(f)); *see Government of the Canal Zone v. Burjan*

4

No. 09-31126

Harris  stated in his motion for recusal that Judge Hicks is a "member" of the "LSU Law Center Alumni Board of Trustees." This court also takes judicial notice of the fact that Judge Hicks is a member of the LSU Law Center Alumni Board of Trustees.[3] The LSU Law Center is not a party, and Harris has not provided any information with respect to this affiliation. Harris has not "show[n] that, if a reasonable man knew of all the circumstances, he would harbor doubts about the judge's impartiality." *Travelers Ins. Co.*, 38 F.3d at 1408.

B. *Rule 60(b)*

Next, the court considers whether the district court abused its discretion in denying Harris's motion for recusal, which it properly construed as a Rule 60(b) motion. Harris has failed to identify a violation of § 455(a). There is no risk of injustice to the parties in this case or in other cases, and there is no danger that the public's confidence in the judicial process would be undermined. The district court did not abuse its discretion in denying Harris's motion to vacate.

The motion for summary judgment and the motion for recusal are AFFIRMED.

---

*V.*, 596 F.2d 690, 694 (5th Cir. 1979). That Judge Hicks was not a member of the Board of Supervisors when he presided over this case is capable of accurate and ready determination by reference to the LSU Board of Supervisors' website and meeting minutes, sources whose accuracy cannot reasonably be challenged. *See* LOUISIANA BOARD OF SUPERVISORS, MEMBERS, http://www.lsusystem.edu/boardofsupervisors/members (last visited November 18, 2010); LOUISIANA BOARD OF SUPERVISORS, MINUTES, http://www.lsusystem.edu/boardofsupervisors/minutes (last visited November 18, 2010); *see e.g.*, MINUTES, REGULAR BOARD MEETING, OCTOBER 9, 2009, http://www.lsusystem.edu/userfiles/file/minutes/minutes_oct2009.pdf (last visited November 18, 2010).

[3] *See* LSU LAW CENTER, ALUMNI RELATIONS, BOARD OF TRUSTEES, http://www.law.lsu.edu/index.cfm?geaux=alumni.boardoftrustees (last visited November 18, 2010).