# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 14, 2011

No. 10-51166

Lyle W. Cayce
Clerk

BRIAN LARREMORE; JEAN LARREMORE,

Plaintiffs–Appellants

v.

LYKES BROTHERS INC,

Defendant–Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:08-CV-21

Before BENAVIDES, PRADO, and GRAVES, Circuit Judges.

PER CURIAM:[*]

In this diversity jurisdiction case, Brian and Jean Larremore challenge the district court's judgment enforcing a mediation agreement that settled a property boundary dispute between the Larremores and Lykes Brothers, Inc. ("Lykes"). Although the parties never objected to jurisdiction, we asked for supplemental briefing on whether Lykes met its burden as the removing defendant to "'prove by a preponderance of the evidence that the amount in controversy exceeds' the jurisdictional amount." *Garcia v. Koch Oil Co. of Tex.*,

---

[*] Pursuant to FIFTH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in FIFTH CIR. R. 47.5.4.

No. 10-51166

351 F.3d 636, 638–39 (5th Cir. 2003) (quoting *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)).  We find that the record is insufficiently developed with respect to the amount in controversy, and we remand for the limited purpose of determining whether the amount in controversy exceeds $75,000.

The Larremores filed suit against Lykes in Texas state court seeking declaratory and injunctive relief in an attempt to settle a dispute over property boundaries and obtain an easement across Lykes's property.  Lykes removed the suit to the United States District Court for the Western District of Texas, invoking diversity jurisdiction.  In the notice of removal, Lykes alleged that:

> The amount in controversy exceeds $75,000, excluding interest, costs, and attorney fees.  28 U.S.C. § 1332(a).  Plaintiffs have sued for a an [sic] easement for egress and ingress to real property they own in Brewster County, Texas totaling 2507.05 acres.  In paragraph 44 of their petition, the plaintiffs claim that "without an easement for egress and ingress Plaintiff's land will be rendered valueless."  The value of the plaintiff's acreage exceeds $75,000.

Lykes did not attach any evidence to the notice of removal other than the Larremores' original state court complaint, which also did not allege any specific value of the claims at issue.  The Larremores did not object to the removal and the issue of subject matter jurisdiction was not considered below.  Similarly, the parties did not raise jurisdiction as an issue on appeal.

"Although neither party raises the issue of subject matter jurisdiction, this court must consider jurisdiction *sua sponte*."  *EEOC v. Agro Distrib., LLC*, 555 F.3d 462, 467 (5th Cir. 2009) (citation omitted).  As stated, the party seeking to invoke federal diversity jurisdiction has the burden to prove that the amount in controversy exceeds the jurisdictional amount.  *Garcia*, 351 F.3d at 638; *see also* 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.").  That burden may be satisfied in

either of two ways. *Garcia*, 351 F.3d at 639. First, jurisdiction will be proper if "it is facially apparent" from the complaint that the "claims are likely above [$75,000]." *Id.* (citation omitted). "If the value of the claims is not apparent, then the defendants may support federal jurisdiction by setting forth the facts—[either] in the removal petition [or] by affidavit—that support a finding of the requisite amount." *Id.* (internal quotation marks and citation omitted). "[R]emoval 'cannot be based simply upon conclusory allegations.'" *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 774 (5th Cir. 2003) (quoting *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)). Here, the Larremores did not seek any specific amount of damages in their original state court complaint. Rather, they sought declaratory and injunctive relief that would ultimately establish an easement over Lykes's property. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977); *Garcia*, 351 F.3d at 640 (quoting *Hunt*).

Due to the incomplete nature of the factual record, we cannot determine if the amount in controversy exceeds the jurisdictional requirement. Given the extent of the property in this case, we think that a remand for development of the record and determination of jurisdiction is appropriate. *See U.S. ex rel. Miss. Road Supply Co. v. H.R. Morgan, Inc.*, 528 F.2d 986, 986 (5th Cir. 1976) (per curiam) (remanding to district to develop record and determine subject matter jurisdiction); *Airline Maint. Lodge 702 v. Loudermilk*, 426 F.2d 802, 802 (5th Cir. 1970) (per curiam) (vacating judgment and remanding for determination of jurisdiction because "of the inadequacy of the briefs of both parties"); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117–18 (9th Cir. 2004) (remanding to district court to determine if amount in controversy is met); *Samuel-Bassett v. KIA Motors Am., Inc.,* 357 F.3d 392, 403 (3d. Cir. 2004) (same); *Williams v.*

No. 10-51166

*Best Buy Co.*, 269 F.3d 1316, 1321 (11th Cir. 2001) (same). Although ultimately the district court might find that there is not jurisdiction, a remand will at least allow this determination to be made with a complete factual record, a record which was never developed because the parties never litigated the merits below and never objected to jurisdiction. *See Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 298–99 (2d Cir. 2000) (remanding for determination of amount in controversy and stating that in some cases it is unfair to dismiss based on jurisdiction where opportunity was not given to develop record in district court). We therefore REMAND for the limited purpose of determining whether the amount in controversy exceeds $75,000.

REMANDED.