**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 29, 2012

No. 12-70012

Lyle W. Cayce
Clerk

ANTHONY BARTEE,

Plaintiff-Appellee

v.

SUSAN D REED, BEXAR COUNTY DISTRICT ATTORNEY,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:12-CV-420

Before HIGGINBOTHAM, ELROD, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Hours before his scheduled execution, Anthony Bartee brought suit under 42 U.S.C. § 1983 in federal district court, alleging that the district attorney of Bexar County violated his Eighth and Fourteenth Amendment rights by denying him access to DNA evidence for forensic testing pursuant to Chapter 64 of the Texas Code of Criminal Procedure. The district court stayed the execution pending disposition of the § 1983 claim. The County appealed immediately, moving this Court to vacate the stay. This Court instead requested that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

parties submit supplemental briefing the following week. The execution warrant expired in the meantime.

In its supplemental brief, the County acknowledged that there remained untested physical evidence despite a 2010 order from the state trial court that "any other available evidence that has not already been tested be tested." The County's brief asserts, however, that the remaining evidence has now been delivered to the Bexar County Criminal Investigations Laboratory and is "in the process of being tested."

Neither party has addressed whether the County's assertion, if true, moots the underlying § 1983 case. Even so, we must raise that question *sua sponte* because it implicates the justiciability of the § 1983 suit going forward.[1] At this juncture, however, when a record barely exists, the mootness determination depends on record development that does not commonly take place in appellate courts. The district court is the proper forum for developing the record requisite to a determination of mootness.[2]

We therefore remand this case for the limited purpose of determining in the first instance whether the case is now moot. We retain jurisdiction over the County's motion to vacate the stay. In other words, this is a LIMITED REMAND.

---

[1] *See, e.g.*, *United States v. Villanueva-Diaz*, 634 F.3d 844, 848 (5th Cir. 2011).

[2] *See Hornbeck Offshore Servs., LLC v. Salazar*, No. 10-30585, 2010 WL 3219469, at *1-2 (5th Cir. Aug. 16, 2010) (unreported per curiam order); *Spector v. Norwegian Cruise Line Ltd.*, 427 F.3d 285, 285 (5th Cir. 2005) (per curiam order); *see also, e.g.*, *Fund for Animals, Inc. v. U.S. Bureau of Land Mgmt.*, 460 F.3d 13, 24 (D.C. Cir. 2006); *cf. Larremore v. Lykes Bros. Inc.*, 454 F. App'x 305, 307 (5th Cir. 2011) (unpublished) (per curiam) (collecting cases remanding for "development of the record and determination of [whether] jurisdiction is appropriate").