# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-20200
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 19, 2014

Lyle W. Cayce
Clerk

KAREY B. STATIN,

Plaintiff - Appellant

v.

DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee, formerly known as Bankers Trust Company, as Trustee for Certificate Holders of Saco I; JP MORGAN CHASE BANK, NATIONAL ASSOCIATION, as Mortgagee; EMC MORTGAGE CORPORATION, as Former Mortgagee,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CV-3632

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:*

In this appeal of a Rule 12(b)(6) dismissal of various claims challenging a foreclosure, the Plaintiff contends that the amount at stake in this lawsuit is insufficient to warrant removal to federal court on diversity grounds.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-20200

## I.

In late November 2013, Karey Statin filed suit in Texas state court against Deutsche Bank, JP Morgan Chase, and EMC Mortgage Corporation. Statin, appearing *pro se*, alleged numerous violations of Texas law arising from the Defendants' treatment of his mortgage and attempt to foreclose on his home. Statin sought equitable relief voiding the foreclosure of his home and granting time to secure an additional loan to pay off $28,000 due on the mortgage, as well as a declaration that the mortgage would be satisfied by a $28,000 payment. Statin sought no monetary damages.

The Defendants filed a timely Notice of Removal on the basis of diversity. The Notice of Removal contained a single sentence addressing the amount in controversy:

> The real property at issue has a current fair market value of $87,500.

The value of the property is the relevant consideration for determining amount in controversy for these common foreclosure cases seeking injunctive relief, *Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 341 (5th Cir. 2013), but Defendants cited nothing to support their $87,500 valuation.[1]

Statin then filed a Motion to Change Venue. Citing the Texas Civil Practice & Remedies Code, Statin argued that venue was proper in state court. The motion further argued that "Texas has a legal right to litigate issues

---

[1] The Supreme Court recently decided that defendants do not need to attach evidence supporting the alleged amount in controversy to the notice of removal. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, --- S. Ct. ----, 2014 WL 7010692, at *6 (Dec. 15, 2014). That has long been our approach. *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882–83 (5th Cir. 2000). *Dart Cherokee* also explained, however, that once the notice of removal's asserted amount is "challenged," the parties "must submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." 2014 WL 7010692 at *5 (citing 28 U.S.C. § 1446(c)(2)(B)). Although this discussion was likely not made with the procedural posture of this case in mind, it also does nothing to cast doubt on the prior case law cited below that provides a procedure for this situation when the amount is first challenged on appeal.

2

arising out of its Courts, and its lands" and concluded that "defendant is improper, and premature in bringing his claim and his answer to this Honorable Court." Statin made no mention of diversity of citizenship, the amount in controversy requirement, or any other federal law.

Both the Defendants and the district court treated Statin's filing as a motion to remand the case to state court. The Defendants addressed the amount in controversy requirement by arguing that "Plaintiff does not contest that the amount in controversy exceeds the federal minimum jurisdictional limits." Again, the Defendants attached no proof of the house's fair market value or the value of the other equitable relief. They did not, for example, attach a county appraisal district's assessment of the property, which is a common way the amount-in-controversy requirement is proven in the numerous foreclosure cases that have been removed to federal court in recent years. *See, e.g.*, *Valadez v. Bank of Am.*, 2013 WL 3559145, *3–4 (W.D. Tex. July 11, 2013) (noting that courts "rel[y] on county tax assessors' appraisals to determine the value of property in [amount in controversy] cases"); *Govea v. JPMorgan Chase Bank, N.A.*, 2010 WL 5140064, *4 (S.D. Tex. Dec. 10, 2010) (explaining why "the appraisal value from the Harris County Appraisal District" can "determin[e] the amount in controversy"). Instead, the Defendants pointed to their allegation in the Notice of Removal that the house had a value of $87,500. The district court denied the Motion to Remand, holding only that "[a]ccording to Defendants, the current fair market value of the Property is assessed at $87,500, which exceeds the federal jurisdictional amount of $75,000." The district court proceeded to the merits of Statin's claims, which it ultimately dismissed.

## II.

Statin filed this appeal. In addition to contesting the district court's ruling on the merits, he also challenges for the first time on appeal the federal

court's subject matter jurisdiction on the grounds that the amount-in-controversy requirement was not satisfied at the time of removal.

Defendants contend that they satisfied the amount-in-controversy requirement because, in their Notice of Removal, they asserted a fact supporting the amount in controversy and it went unchallenged by the Plaintiff in the district court.[2]  Because subject matter jurisdiction can never be waived, however, a plaintiff may challenge the amount-in-controversy requirement for the first time on appeal.  *See Larremore v. Lykes Bros. Inc.*, 454 F. App'x 305, 306–07 (5th Cir. 2011) (citing *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319–21 (11th Cir. 2001) (citing *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 303–06 (2d Cir. 1994) (explaining the concerns that underlie the rule and "declin[ing] to hold that the [plaintiff] has waived its right to challenge for the first time [on appeal] the defendants' assertion of the amount in controversy set forth in the notice of removal"))).  The problem when the issue is first raised on appeal with an insufficient evidentiary record is that the removing party never had notice of a need to produce evidence in the district court and cannot now provide such evidence to the appellate court.  Courts, including ours, confronted with this situation have thus remanded the case to the district court so the defendant can submit evidence to support its claimed valuation of the case.  *See Larremore*, 454 F. App'x. at 307 ("[The plaintiffs] sought [only] declaratory and injunctive relief . . . Due to the incomplete nature of the factual record, we cannot determine if the amount in controversy exceeds the

---

[2] Defendants further contend that the amount in controversy is satisfied because the amount due on the loan exceeds $75,000, but the amount due on the loan does not matter as Statin is not seeking to recover any of the loan.  It would matter if Defendants had sued Statin for amounts due under the loan.

jurisdictional requirement. . . . [W]e think that a remand for development of the record and determination of jurisdiction is appropriate.").

After it receives any relevant evidence from both sides, the district court can assess whether the Defendants have met their burden of demonstrating by a preponderance of the evidence that the amount in controversy was satisfied at the time of removal. *See* 28 U.S.C. § 1446(c)(2)(B). Our determination that remand is warranted for development of a factual record on this issue is also supported by the fact, of which we can take judicial notice because it comes from a public record,[3] that the county appraisal for the property at the time of removal was only $62,392. *See* Real Property Account Information, Harris County Appraisal District, *available at* http://www.hcad.org/ (appraisal as of Jan. 1, 2014).

The case therefore is REMANDED for the limited purpose of determining whether the amount in controversy exceeds $75,000.

---

[3] "An appellate court may take judicial notice of facts, even if such facts were not noticed by the trial court." *Harris v. Bd. of Supervisors of La. State Univ. & Agric. & Mech. Coll.*, 409 F. App'x 725, 727 n.2 (5th Cir. 2010).