**Minnie SMITH, Plaintiff,**

v.

**STATE FARM FIRE AND CASUALTY COMPANY, Defendant.**

**Civil Action No. CV–12–AR–0614–S.**

United States District Court,
N.D. Alabama,
Southern Division.

April 20, 2012.

---

58. *See* doc. no. 238.

59. *See* doc. no. 243.

Adrian B. Dunning, Arguello Hope & Associates, Birmingham, AL, for Plaintiff.

Brannan W. Reaves, Micheal S. Jackson, Jackson Anderson & Patty PC, Montgomery, AL, for Defendant.

### MEMORANDUM OPINION AND ORDER

WILLIAM M. ACKER, JR., District Judge.

The court has for consideration a motion to remand and for attorney's fees filed by plaintiff, Minnie Smith ("Smith"). Defendant, State Farm Fire & Casualty Compa-ny ("State Farm"), has responded, and Smith has replied to that response.

On January 12, 2012, Smith filed her action in the Circuit Court of Jefferson County, Alabama, from which State Farm removed it to this court on February 22, 2012, asserting that the parties are diverse and that the amount in controversy exceeds $75,000, establishing the basis for a 28 U.S.C. § 1332 removal. Smith. denies that the amount in controversy exceeds $75,000.

For the reasons set forth below, the motion to remand and for attorney's fees will be denied.

### Background

Smith's home was insured by State Farm. During the April 27, 2011 tornadoes, Smith's house suffered wind damage. State Farm's estimate to repair the damage was $25,182.64, a sum it thereupon paid to Smith. Smith obtained her own repair estimate in the sum of $53,351.36. Smith demanded $36,910.36 of State Farm, the difference between the amount Smith had been paid and the amount of Smith's estimate. State Farm refused to pay. Smith complains of breach of contract, normal bad faith, and abnormal bad faith, and seeks economic damages, emotional distress damages, punitive damages, and "such other and different relief" as to which she may be entitled.

### Discussion

If Smith is correct, a mini-trial would be required in every diversity case removed pursuant to 28 U.S.C. § 1446(c)(2)(A) and (B). When Congress enacted this most recent amendment to § 1446, it did not intend to require the court to which the case is removed to do more than to exercise reasonable judgment, based on the allegations of the complaint, and other undisputed facts. If State Farm had waited for limited discovery in the state court to elicit

evidence to prove that the claim exceeds $75,000, State Farm would be confronted with a motion to remand for an untimely removal instead of a motion to remand for lack of subject-matter jurisdiction.

 Although Alabama courts do not require *ad damnum* clauses, and Smith's complaint does not contain one, the court is allowed reasonable deductions and extrapolations. The judge to whom this case is assigned has been long known for insisting that federal jurisdiction is limited, and that a state court is the proper forum unless all requisites for federal jurisdiction clearly exist. This court is informed and verily believes that Congress amended 28 U.S.C. § 1446 in order to slow down, if not to prevent, this court and others like it, from remanding diversity cases like this one, where there is no *ab damnum clause,* but where the parties and the court know from their exercise of good sense and experience that the claim exceeds $75,000. There is no point in writing a law review article on the subject. This court has written many opinions that sound like Smith's present argument. That was then. This is now.

The court is willing to go so far as to inform plaintiffs like Smith, who want to pursue claims against diverse parties in a state court seeking unspecified damages of various kinds, such as punitive damages and emotional distress, must in their complaint formally and expressly disclaim any entitlement to more than $74,999.99, and categorically state that plaintiff will never accept more. Otherwise, a plaintiff will find herself in a federal court, which is now saddled by Congress with a new and heavy burden.

In accordance with the foregoing, Smith's motion to remand and for attorney's fees, is **DENIED.**

The court hereby VACATES the order entered on February 23, 2012, by the judge to which the case was previously assigned. Instead, it is ORDERED as follows:

**THE UNDERSIGNED TO WHOM THIS CASE IS ASSIGNED DOES NOT EMPLOY THE "UNIFORM INITIAL ORDER" FOUND ON THE COURT'S WEBSITE.**

The parties are hereby reminded that the case is governed by the Federal Rules of Civil Procedure, including local rule variations. The parties should pay particular attention to Rules 7.1, 26 and 16, and should with their initial report notify the court if the case should be evaluated for proceeding upon any of the tracks provided by this court's Alternative Dispute Resolution Plan.