IN THE DISTRICT COURT OF THE UNITED STATES FOR THE 

 MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION 

ANTHONY KUMI and DANIEL ) 
AHIABAR, ) 
 ) 
 Plaintiffs, ) 
 ) CIVIL ACTION NO. 
 v. ) 2:19cv442-MHT 
 ) (WO) 
COSTCO WHOLESALE ) 
CORPORATION, ) 
 ) 
 Defendant. ) 

 OPINION AND ORDER 
 Plaintiffs brought this lawsuit in state court 
against defendant Costco Wholesale Corporation, 
bringing claims of defamation, false imprisonment, 
negligence, negligent hiring, training, and 
supervision, invasion of privacy, and tort of outrage, 
all stemming from an incident in which they were 
publicly accused of shoplifting by the defendant 
store’s employees, pushed into a corner, and detained 
in front of other shoppers for about 10-15 minutes. 
Defendant removed this lawsuit to this court based on 
diversity-of-citizenship jurisdiction. See 28 U.S.C. 
§§ 1332 and 1441. Now pending before the court is 
plaintiffs’ motion to remand this lawsuit back to state 

court. For the reasons explained below, the motion 
will be granted. 

 A. 

 “[R]emoval from state court is proper if it is 
facially apparent from the complaint that the amount in 
controversy exceeds the jurisdictional requirement.” 
Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th 

Cir. 2001); see also Pretka v. Kolter City Plaza II, 
Inc., 608 F.3d 744, 754 (11th Cir. 2010) (same). When 
the jurisdictional amount is not clear from the 

complaint, the court should consider the allegations of 
the notice of removal. See id. “[W]hen a defendant 
seeks federal-court adjudication, the defendant's 
amount-in-controversy allegation should be accepted 

when not contested by the plaintiff or questioned by 

 2 
the court.” Dart Cherokee Basin Operating Co., LLC v. 
Owens, 574 U.S. 81, 87 (2014). 

 If the plaintiff contests the defendant’s 
allegation, “the removing defendant must prove by a 
preponderance of the evidence that the amount in 
controversy exceeds the jurisdictional requirement.” 

Williams, 269 F.3d at 1319. In determining the amount 
in controversy, the court may rely on its “judicial 
experience and common sense.” Roe v. Michelin N. Am., 
Inc., 613 F.3d 1058, 1064 (11th Cir. 2010). If the 

case is a close one, doubts about the existence of 
“jurisdiction should be resolved in favor of remand to 
state court.” Univ. of S. Ala. v. Am. Tobacco Co., 168 

F.3d 405, 411 (11th Cir. 1999); see also City of 
Vestavia Hills v. Gen. Fid. Ins. Co., 676 F.3d 1310, 
1313 (11th Cir. 2012) (same). 
 “To ensure that diversity jurisdiction does not 

flood the federal courts with minor disputes, § 1332(a) 
requires that the matter in controversy in a diversity 

 3 
case exceed a specified amount, currently $75,000.” 
Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 

546, 552 (2005). In determining the amount in 
controversy, the court considers each plaintiff’s 
claims separately. See Leonard v. Enter. Rent a Car, 
279 F.3d 967, 974 (11th Cir. 2002) (citing Zahn v. 

International Paper Co., 414 U.S. 291, 295 (1973)) (“We 
do not aggregate the value of multiple plaintiffs' 
claims to satisfy the amount in controversy requirement 
simply because they are joined in a single lawsuit, ... 

[and] only aggregate claims ‘when several plaintiffs 
unite to enforce a single title or right, in which they 
have a common and undivided interest.’”). In contrast, 

the court may aggregate each plaintiff’s multiple 
claims, except to the extent they state mutually 
exclusive “alternative bases of recovery for the same 
harm,” such as negligence and wantonness. Jones v. 

Bradford, No. CV 17-0155-WS-N, 2017 WL 2376573, at *2 
(S.D. Ala. June 1, 2017) (Steele, J.). 

 4 
 B. 
 The court has reviewed the complaint with these 

precepts in mind and, relying on its own judicial 
experience and common sense, finds it not facially 
apparent from the complaint that the amount in 
controversy is more than $ 75,000 for either plaintiff. 

 While the plaintiffs frame their claims as 
comprising a number of different torts, and seek both 
compensatory and punitive damages for humiliation, 
embarrassment, physical discomfort and inconvenience, 

invasion of privacy, reputation damages, mental anguish 
and emotional distress, the essence of their claims is 
that each was detained in the public part of a store 

for 10-15 minutes on suspicion of shoplifting, and they 
were subjected to verbal insults. The episode was 
quite brief. Neither was arrested or charged by the 
police, and although they state they were “pushed” into 

a corner, there is no claim that they were physically 
harmed. Complaint (doc. no. 1-1) at 2 ¶ 9. Plaintiffs 

 5 
do not allege that they suffered any financial harm, 
or, for example, that their careers suffered as a 

result of this event. 
 Nor does the notice of removal establish by a 
preponderance of the evidence that the amount in 
controversy is more than $ 75,000 for either plaintiff. 

The notice relies primarily on the allegations of the 
complaint to establish the amount in controversy, which 
for the reasons stated above, leaves the court quite 
uncertain as to the amount in controversy. Defendant 

has not provided “affidavits, declarations, or other 
documentation” in support of federal jurisdiction. 
Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 755 

(11th Cir. 2010). Moreover, defendant has withdrawn 
its request for jurisdictional discovery. See Response 
to Motion to Remand (doc. no. 11) at 9 n.3. 
 The notice of removal does reference several jury 

verdicts over $ 75,000 in cases defendant contends are 
“similar” to the instant one. Notice of Removal (doc. 

 6 
no. 1) at 6. Assuming such references constitute 
evidence, the court lacks sufficient information about 

the cited cases--and the current case--to draw any 
reasonable conclusions about the case before the court. 
See Lowery v. Alabama Power Co., 483 F.3d 1184, 1221 
(11th Cir. 2007) (finding defendant’s references to 

recent jury verdicts in support of removal “in no way 
clarifies” the value of claims before the court, 
because “with a record bereft of detail” the court 
could not “possibly ascertain how similar the current 

action is to those the defendants cite”). In addition, 
each of the cited cases is distinctly different from 
the case at bar: in one, the plaintiff was physically 

assaulted and imprisoned in the defendant’s home; in 
another, the plaintiff was actually arrested and 
charged by police; in the third, the plaintiff was 
accidentally locked for over two months in a storage 

facility; and in the last, plaintiff brought claims for 
assault and battery in addition to false imprisonment. 

 7 
All told, the court has before it little evidence from 
which it can determine the amount in controversy, and 

what little it does have leaves it with great doubt. 
 Defendant argues that, “because Plaintiffs 
specifically seek unspecified damages in excess of the 
state court’s jurisdictional limits, removal 

[jurisdiction] is facially apparent.” Response Brief 
(doc. no. 11) at 4. The court disagrees. As an 
initial matter, the jurisdictional limit for Alabama 
circuit courts is $ 20,000--a far cry from $ 75,000. 

See 1975 Ala. Code § 12-11-30. As support for its 
argument, defendant cites Jones v. Hartford Fire Ins. 
Co., a district court decision in which the judge 

opined that “the moment a state court plaintiff seeks 
unspecified damages of various kinds, such as punitive 
damages, or emotional distress, or attorneys’ fees, the 
claim automatically is deemed to exceed $ 75,000 and 

becomes removable under 28 U.S.C. § 1332.” No. CIV.A. 
12-AR-2879-S, 2013 WL 550419, at *1 (N.D. Ala. Feb. 7, 

 8 
2013) (Acker, J.). Defendant also cites Smith v. State 
Farm Fire & Cas. Co., which the Jones opinion relied on 

for its creation of a novel requirement that, to win a 
motion to remand, plaintiffs “who want to pursue claims 
against diverse parties in a state court seeking 
unspecified damages of various kinds, such as punitive 

damages and emotional distress, must in their complaint 
formally and expressly disclaim any entitlement to more 
than $ 74,999.99, and categorically state that 
plaintiff will never accept more.” 868 F. Supp. 2d 

1333, 1335 (N.D. Ala. 2012) (Acker, J.). The court 
declines to follow Jones or Smith, which are “not 
binding or persuasive authority,” and impermissibly 

shift the burden to the non-removing party to establish 
jurisdiction. Bennett v. Williams, No. 7:17-CV-00602- 
LSC, 2017 WL 3781187, at *2 (N.D. Ala. Aug. 31, 2017) 
(Coogler, J.) (explaining that Smith improperly shifts 

the burden to the plaintiff and thereby contravenes 
Supreme Court and Eleventh Circuit case law); see also 

 9 
Dunlap v. Cockrell, 336 F. Supp. 3d 1364, 1368 (S.D. 
Ala. 2018) (Steele, J.) (calling Smith a “distinctly 

minority view in this Circuit” and declining to follow 
it because “[i]t is well-settled that a removing 
defendant bears the burden of proving jurisdiction 
(including amount in controversy) by a preponderance of 

the evidence when the court questions the defendant's 
allegation about amount in controversy” and “that a 
plaintiff's refusal to stipulate to amount in 
controversy (or its denial of requests for admission as 

to amount in controversy), without more, does not 
satisfy that burden because there are several reasons 
why a plaintiff would not so stipulate”). 

 In sum, defendant has failed to prove by the 
preponderance of the evidence that the amount in 
controversy is met. The court is left with a great 
deal of uncertainty as to the amount in controversy, 

and accordingly resolves its doubts in favor of remand. 

 10 
 One final matter bears mentioning. In the motion 
to remand, plaintiffs move the court to sanction 

defendant under Rule 11 of the Federal Rules of Civil 
Procedure by awarding costs and attorneys’ fees.* 
Plaintiffs failed to file the separate motion for 
sanctions required by Federal Rule of Civil Procedure 

11(c)(2), so their request will be denied. In any 
case, as the court sees no evidence of bad faith and 
does not find defendant’s filings frivolous, sanctions 
are unwarranted. See Purchasing Power, LLC v. Bluestem 

Brands, Inc., 851 F.3d 1218, 1223-25 (11th Cir. 2017). 

 * Their request is based on dicta in a footnote in 
Lowery v. Alabama Power Co., 483 F.3d 1184, 1213 n.63 
(11th Cir. 2007) (“We think it highly questionable 
whether a defendant could ever file a notice of removal 
on diversity grounds in a case such as the one before 
us--where the defendant, the party with the burden of 
proof, has only bare pleadings containing unspecified 
damages on which to base its notice--without seriously 
testing the limits of compliance with Rule 11.”). 
 11 
 *** 
 Accordingly, it is the ORDER, JUDGMENT, and DECREE 

of the court that: 
 (1) Plaintiffs’ motion to remand (doc. no. 5) is 
granted. 
 (2) Plaintiffs’ motion for sanctions, attorneys’ 

fees, and costs (doc. no. 5) is denied. 
 (3) Pursuant to 28 U.S.C. § 1447(c), this cause is 
remanded to the Circuit Court of Montgomery County, 
Alabama, for want of subject-matter jurisdiction. 

 The clerk of the court is DIRECTED to take 
appropriate steps to effect the remand. 
 DONE, this the 27th day of November, 2019. 

 /s/ Myron H. Thompson 
 UNITED STATES DISTRICT JUDGE